Anastasi Pardalis
Pardalis & Nohavicka, LLP
950 Third Avenue, 27th Floor
New York, NY 10022
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

GIANNIS ANTETOKOUNMPO,                )
                                                          )   Civ. Case No.
                                     *Plaintiff*,         )
                                                          )
                        -v-                               )   **COMPLAINT**
LEAF TRADING CARDS, LLC,                )
                                                          )   **JURY TRIAL DEMANDED**
                                     *Defendant.*         )
---------------------------------------------------------

        Plaintiff, GIANNIS ANTETOKOUNMPO ("Antetokounmpo" or "Plaintiff"), an
individual, by and through its undersigned attorneys, PARDALIS & NOHAVICKA, LLP,
against Defendant LEAF TRADING CARDS, LLC ("LEAF" or "Defendant") upon information
and belief alleges as follows:

## **NATURE OF ACTION**

        1.      Antetokounmpo brings this action for the infringement of his GREEK FREAK
trademark by Defendant LEAF through the unauthorized use of the GREEK FREAK mark, and
violation of Antetokounmpo's rights of privacy including, without limitation, by advertising,
marketing, promoting, distributing, displaying, offering for sale, and selling unlicensed
infringing products bearing the GREEK FREAK mark and Antetokounmpo's name, nickname,
picture and likeness.

1

2.     Antetokounmpo and Leaf entered into an intellectual property licensing agreement in May of 2013, which terminated in May of 2014 and was not renewed. Nevertheless, without Antetokounmpo's knowledge, consent or remuneration, Leaf continued selling items bearing the GREEK FREAK mark and Antetokounmpo's name, nickname, picture, and likeness. For that reason, this action involves claims for:

1) Trademark infringement of Antetokounmpo's federally registered mark in violation of §32 of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1051 *et seq.*;

2) Federal Trademark Dilution;

3) False designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended with 15 U.S.C. § 1125 (a);

4) Common Law Trade Name, Trademark and Service Mark Infringement;

5) Deceptive Acts and Practices (N.Y. Gen Bus L. § 349);

6) Common Law Trademark Dilution;

7) Common Law Unfair Competition;

8) Unjust Enrichment;

9) Tortious Interference with prospective economic advantage; and

10) Violation of rights of publicity (NY Civ. Rights Law § 50-51).

3.     Antetokounmpo is widely identified by his nickname the "Greek Freak". Further, he has been using his nickname, Greek Freak, as a trademark in U.S. commerce (the "GREEK FREAK mark"); Antetokounmpo's products are distributed under the GREEK FREAK mark at stores and markets throughout the United States.

4.      Antetokounmpo has expended substantial time, money and resources successfully developing, promoting, and advertising his GREEK FREAK-branded products.

5.      Aside from his basketball career, Plaintiff has been using his name and brand in commerce in the United States and worldwide; products bearing his name, likeness, and trademarks ("Antetokounmpo Rights") are distributed at stores and markets throughout the United States.

6.      Through his efforts, and as a result of Antetokounmpo's continuous and extensive use of his GREEK FREAK mark, Antetokounmpo's GREEK FREAK mark has become famous, and exclusively associated with Antetokounmpo and Antetokounmpo's products.

7.      The Antetokounmpo Rights have been the subject of licenses granted by Antetokounmpo to third parties to use and exploit such rights on or in connection with various goods and services, including clothing, and various other items and merchandise. Plaintiff has expended substantial time, money, and resources to successfully develop, promote, and advertise the Antetokounmpo Rights throughout the world, such that they are now a source-identifying brand.

8.      As a result of his efforts, his impressive professional abilities, and widespread popularity, the Antetokounmpo Rights have become an invaluable asset

9.      Nevertheless, upon information and belief, Defendant has been designing, selling, and distributing products, namely trading cards bearing the GREEK FREAK mark, Antetokounmpo's name, nickname, picture, and likeness in a manner causing significant consumer confusion as to the affiliation, sponsorship and/or endorsement of such cards by Plaintiff. Such actions further undermine Plaintiff's brand and diminish the need for licensed products.

10.     On or around August 16, 2021, upon learning of Defendant's unauthorized use of the GREEK FREAK mark and his name and likeness, Antetokounmpo, through his counsel, took immediate action and asked Defendant to cease its infringing activities and provide him with a full accounting of all merchandise sold by Defendant that is infringing upon Plaintiff's trademark and rights of publicity (the "Infringing Products"). (Annexed hereto as Exhibit 1 is a true and accurate copy of Antetokounmpo's Notice of Infringement.)

11.     Moreover, Antetokounmpo demanded that Defendant cease selling the Infringing Products using the GREEK FREAK mark and Antetokounmpo's name, nickname, and picture.

12.     Defendant, after receiving Antetokounmpo's cease and desist letter, responded but failed to cooperate with Antetokounmpo's reasonable requests which were meant to ensure that the infringement had ceased and that Antetokounmpo would be adequately compensated for the damages he incurred.

13.     On or about May 23, 2013, Defendant and Antetokounmpo had entered into a License Agreement (the "Agreement") (Annexed hereto as EXHIBIT 2 is a true and accurate copy of the Agreement between Antetokounmpo and Leaf) granting Leaf Trading Cards LLC non-exclusive license to use Antetokounmpo's Attributes (name, nickname, likeness, photograph, biography and/or signature) only for a period of One Year.

14.     The Term of the Contract ended on May 23, 2014, and despite the expiration of the Agreement, Defendant Leaf continue to offer for sale items bearing the Antetokounmpo Rights and his GREEK FREAK mark without Plaintiff's authorization or consent.

15.     As a result of Defendant's wrongful conduct, Antetokounmpo brings this action for monetary and injunctive relief.

**JURISDICTION AND VENUE**
**Federal Question Jurisdiction and Supplemental Jurisdiction**

16.     This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. and the statutory and common laws of the State of New York. This Court has subject matter jurisdiction over this action over Plaintiff's federal claims under 28 U.S.C. §1331 and 1338(a).

17.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367(a), because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

18.     Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York and in this judicial district, and/or derives substantial revenue from the business transactions in New York and in this judicial district and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a)     Upon information and belief, Defendant has been systematically directing and/or targeting business activities at consumers all over the country, including New York, through websites where consumers can place orders.

b)     Defendant sells the Infringing Products, on leaftradingcards.com, websites which provides information about and describes the goods sold; it further allows online sales with the use

of a credit card and other means of payment, and it provides for shipping of purchased items.

c)    Upon information and belief, Defendant is aware of the products that Antetokounmpo offers, namely the GREEK FREAK products and the GREEK FREAK mark. Defendant is aware that the infringing actions, alleged herein, are likely to cause injury to Antetokounmpo in New York and in this judicial district specifically, as Antetokounmpo conducts substantial business in New York.

19.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because acts giving rise to this complaint occurred within this judicial district.

## THE PARTIES

20.    Plaintiff, Giannis Antetokounmpo, is an individual residing in Chicago, Illinois. Antetokounmpo is an internationally famous athlete and professional basketball player, born in Greece and currently residing in the United States.

21.    In 2007, Plaintiff started playing basketball, and by 2009, he was playing competitively for the youth squad of Filathlitikos. From 2013 to the present, he has been playing for the Milwaukee Bucks in the National Basketball Association ("NBA"). Plaintiff recently won the MVP at the 2019 NBA Awards, the NBA Defensive Player of the Year for 2019-2020, and the MVP at the 2020 NBA Awards.

22.    Giannis Antetokounmpo is widely known under his nickname the "GREEK FREAK". His popularity has been rising over the last years and he has participated or licensed his name/nickname and/or likeness to various brands and campaigns.

23.    Upon information and belief, Defendant Leaf Trading Cards LLC is a Texas limited liability company with a registered Address of 4717 Plano Parkway Ste 150 Carrollton, Texas 75010.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS
### Antetokounmpo's recognized GREEK FREAK Mark

24.    Antetokounmpo has built a strong reputation for his professional skills which is further reflected in the quality of the products he offers.

25.    Antetokounmpo has been identified by his Greek Freak nickname for several years, due to his impressive professional abilities; as his popularity and fame has risen over the years, his nickname has become exclusively associated with him.  He has, further, continually used his GREEK FREAK mark in connection with his products in U.S. commerce at least as early as 2017.

26.     During this time, Plaintiff has engaged in substantial advertising and promotion, and has expended substantial time, money and resources successfully developing and promoting the GREEK FREAK mark and brand.

27.    Plaintiff has also entered into licensing and other similar agreements with third parties, for the authorized use of the GREEK FREAK mark in commerce in connection with a variety of goods.

28.    The GREEK FREAK products are directly associated with Antetokounmpo as he is recognized as the "Greek Freak", and they distinguish themselves among competitive products based on their association with Antetokounmpo and their superior design and quality.

29.    In addition to continuous and uninterrupted use in commerce, Antetokounmpo has applied for, and obtained, a federal registration for his GREEK FREAK mark (Annexed hereto as Exhibit 3 is a true and accurate copy of Plaintiff's GREEK FREAK mark registration with the United States Patent and Trademark Office). Antetokounmpo's trademark registration for the GREEK FREAK mark covers "Backpacks" in International Class 18 and "Shirts, t-shirts, sweatshirts, hooded sweatshirts, jackets, hooded jackets, sports jerseys, socks, warm up suits, caps, hats" in International Class 25 (Registration No. 5401870).

30.     Antetokounmpo has expended substantial time, money and resources successfully developing, promoting, and advertising his GREEK FREAK mark.

31.     Antetokounmpo has sold tens of thousands of dollars of products under the GREEK FREAK mark.

32.     Antetokounmpo has used the GREEK FREAK brand continuously and exclusively, and any products offered under that mark are directly associated with him.

33.     As a result, Plaintiff's GREEK FREAK mark has become famous, and an extremely valuable asset for Plaintiff.

34.     Plaintiff has continually used his name and likeness in connection with his products in U.S. commerce for several years. He is widely known for his impressive professional abilities and achievements.

35.      Since 2013, Plaintiff has engaged in substantial advertising and promotion, and has expended substantial time, money, and resources to successfully develop and promote the Antetokounmpo Rights in his name, nickname, likeness, famous personality, and attributes in general.

36.     Plaintiff, similar to his Agreement with Leaf, enters into licensing and endorsement agreements with third parties for the authorized use of the Antetokounmpo Rights in commerce in connection with a variety of goods globally.

37.      Antetokounmpo's products are directly associated with Antetokounmpo as his products distinguish themselves among competitive products based on their association with Antetokounmpo and their superior design and quality.

**Defendant's Infringing Activities**

38.     Notwithstanding Antetokounmpo's established rights in the GREEK FREAK mark

and Antetokounmpo's Rights, upon information and belief, Defendant has advertised and sold various products, including, among others, cards bearing the GREEK FREAK mark and Plaintiff's name, nickname, picture and likeness through various media platforms, and websites including leaftradingcards.com/. Annexed hereto as Exhibit 4 is a true and accurate copy of Defendant's website showing the Infringing Products.

39.     Defendant has engaged in this infringing activity despite having constructive notice of Antetokounmpo's federal trademark rights under 15 U.S.C. §1072 and despite having actual knowledge of Antetokounmpo's use of the GREEK FREAK mark, since Defendant offers directly competitive products in the same marketplace.

40.     After May of 2014, Plaintiff never authorized Defendant to design, advertise, sell, or distribute products bearing the GREEK FREAK mark or Antetokounmpo's name, nickname, photograph, or likeness.

41.     On August 16, 2021, Plaintiff through his attorneys, sent a Cease-and-Desist letter to Defendant Leaf Trading Cards LLC. alerting it of Plaintiff's exclusive rights in the mark and requesting an accounting of all profits generated. Defendant responded but failed to provide any evidence showing the cessation of the infringing activities.

42.     On August 17, 2021, Defendant Brian Gray, the Agent for Leaf Trading Cards, LLC called Plaintiff's attorney confirming receipt of the Cease-and Desist letter.

43.     During the time period of August 19, 2021, and October 12, 2021, Plaintiff's attorneys and Defendant's attorneys exchanged a number of emails concerning the infringement. Annexed hereto as Exhibit 5 are true and accurate copies of the communications between parties' counsel.

44.     On September 9, 2021, and September 14, 2021, Plaintiff's attorneys requested the

complete sales accounting from Leaf, however Defendant failed to cooperate with Plaintiff in good faith to reach an agreement that would ensure that the infringement has ceased and Plaintiff is reasonably compensated for the damage he incurred.

45.    On September 14, 2021, Defendant's counsel indicated Leaf will not disclose its accounting records.

46.    On October 5, 2021, Defendant Leaf ceased responding to email correspondence from Plaintiff's attorneys.

47.    Upon information and belief, the products offered by Defendant bearing the GREEK FREAK mark and Antetokounmpo's name, nickname, picture and likeness were of a particular aesthetic not aligned with Plaintiff and of a substantially lower quality than the products offered by Plaintiff. Therefore, Defendant's actions constitute dilution of Plaintiff's famous GREEK FREAK mark and Antetokounmpo's Rights by tarnishment.

48.    Defendant's use of the GREEK FREAK mark is directly competitive with Plaintiff's use of the mark and the Antetokounmpo Rights on his products and has caused confusion, mistake, and deception as to the source of Defendant's goods and/or services.

49.    Defendant's failure to cooperate with Plaintiff in the face of a demand to cease and desist infringing activities demonstrates Defendant's bad faith intent to profit from Plaintiff's success, by misleading, confusing, and deceiving consumers.

50.    There is no question that the products sold by Defendant bearing the GREEK FREAK mark and Antetokounmpo's name, nickname, picture and likeness were sold with the purpose of confusing and misleading consumers into believing that they are purchasing products associated with or endorsed by Giannis Antetokounmpo, one of the most successful and popular NBA players. Defendant therefore traded off the goodwill and reputation of Antetokounmpo by

engaging in the unauthorized use of Antetokounmpo's trademark and the Antetokounmpo Rights.

## FIRST CAUSE OF ACTION
### Trademark Infringement of Plaintiff's Federal Registered Mark [15 U.S.C. § 1114/Lanham Act § 32(a)]

51.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

52.    Since the early days of his career, Antetokounmpo has been identified as the "GREEK FREAK", and since at least as early as 2013, he has continuously and extensively used the GREEK FREAK mark in commerce and has built its reputation under the same mark.

53.    Antetokounmpo owns Federal Registration No. 5401870 for the GREEK FREAK mark. This registration is valid, subsisting, and prima facie evidence of the validity of the GREEK FREAK mark, Antetokounmpo's ownership of the mark, and Antetokounmpo's exclusive right to use the mark in commerce.  The GREEK FREAK mark is a famous mark, due to its long and wide use, large investments, substantial sales associated with it, and high consumer recognition. Therefore, it enjoys a broader scope of protection.

54.    Antetokounmpo as a famous athlete and celebrity persona has trademark alike interest in his name, nickname, celebrity persona, personal attributes, likeness, and picture.

55.    Defendant's unauthorized use of Plaintiff's name, nickname, picture and likeness constitutes trademark infringement protected under the Lanham Act.

56.    Defendant made unauthorized use of the GREEK FREAK mark on various goods including trading cards and potentially other related products that are confusingly similar to, related to, and directly competitive with Antetokounmpo's goods sold under the GREEK FREAK mark.

57.    Defendant's unauthorized use of the GREEK FREAK mark and the Antetokounmpo Rights is likely to cause confusion, mistake, and deception as to the source,

sponsorship, or approval of Defendant's products and/or result in the mistaken belief that Defendant is somehow legitimately affiliated, connected or associated with Antetokounmpo.

58.     Defendant's aforesaid acts, specifically Defendant's unlawful and unauthorized use of the GREEK FREAK mark, constitute willful trademark infringement of a federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

59.     By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its business reputation and goodwill and will sustain loss of revenue and profits.

60.     Unless enjoined by this Court, Defendant will potentially continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

**SECOND CAUSE OF ACTION**
**Federal Trademark Dilution (15 U.S.C. § 1125 (c))**

61.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

62.     Plaintiff has used his GREEK FREAK mark continuously in commerce in the United States.

63.     As a result of Plaintiff's fame and direct association with such mark, the GREEK FREAK mark is famous within the meaning of relevant statutes.

64.     Defendant's unauthorized commercial use of the GREEK FREAK mark was willfully intended to trade on Plaintiff's reputation.

65.     Defendant's unauthorized commercial use of the GREEK FREAK mark has caused and continues to cause irreparable injury to Plaintiff and his business reputation and has diluted

1
2

the distinctive quality of Plaintiff's famous GREEK FREAK mark within the meaning of 15 U.S.C. § 1125 (c).

3
4
5

66.    Upon information and belief, Defendant has profited or will profit through wrongful conduct and activities.

6
7

67.    Defendant's conduct complained herein is malicious, fraudulent, deliberate, and/or willful.

8
9

68.    As a result of Defendant's conduct, Plaintiff is entitled to injunctive relief, and is entitled to recover damages by reason of Defendant's acts.

10
11
12

**THIRD CAUSE OF ACTION**
**False designation of Origin, Passing Off and Unfair Competition [15 U.S.C § 1125(a)/Lanham Act § 43(a)]**

13
14

69.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

15
16
17
18
19

70.    Plaintiff as the owner of all right, title and interest in and to the GREEK FREAK mark and the Antetokounmpo Rights, and has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

20
21
22
23
24

71.    Since 2013, Plaintiff has continuously and extensively marketed products and entered into licensing and endorsement agreements in connection with the Antetokounmpo Rights, including but not limited to his name, Greek Freak nickname, likeness, pictures, and personal attributes.

25
26

72.    Since 2017, Plaintiff has continuously and extensively advertised and marketed his products under his GREEK FREAK mark throughout the United States.

27
28

73.    Plaintiff's GREEK FREAK mark and the Antetokounmpo Rights are inherently

distinctive.

74.    As a result of Plaintiff's continuous use of the GREEK FREAK mark and the Antetokounmpo Rights in connection with his products and Plaintiff's reputation and fame, the GREEK FREAK mark and Antetokounmpo Rights have become widely recognized among consumers as a source-identifier of Plaintiff's products.

75.    Defendant's unauthorized use of the GREEK FREAK mark and Antetokounmpo Rights in connection with goods namely trading cards and potentially other related products cause confusion, mistake, and deception as to the source, sponsorship, or approval of Defendant's products by Plaintiff and results in the mistaken belief that Defendant's products are somehow legitimately affiliated, connected or associated with Plaintiff.

76.    By designing, advertising, marketing, promoting, distributing, offering for sale or otherwise dealing with the Infringing Products, Defendant has traded off the goodwill of Plaintiff and his products, thereby directly and unfairly competing with Plaintiff.

77.    Defendant knew, or by the exercise of reasonable care should have known, that the Infringing Products would cause confusion, mistake and deception among consumers and the public.

78.    Defendant's aforesaid acts constitute willful unfair competition with Plaintiff, in violation of the Lanham Act, 15 U.S.C. § 1125 (a).

79.    Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive consumers and were performed with the intent to trade on the goodwill and reputation of Plaintiff.

80.    By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to his business, reputation, and goodwill, and will sustain loss of revenue

and profits.

81.    Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

## FOURTH CAUSE OF ACTION
### Common Law Trade Name, Trademark Infringement

82.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

83.    Plaintiff has established and enjoys common law trade name and trademark rights in the GREEK FREAK mark and Antetokounmpo Rights in connection with goods, through continuous, extensive, and uninterrupted use of the mark in commerce throughout the United States.

84.    By its wrongful acts, Defendant has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill, reputation and proven business success associated with the GREEK FREAK mark and Antetokounmpo Rights.

85.    Upon information and belief, Defendant has profited and will profit by its conduct and activities.

86.    Upon information and belief, Defendant's conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

87.    Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### Deceptive Acts and Unfair Trade Practices (N.Y. Gen Bus L. § 349)

88.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

89.     Defendant's activities consist of deceptive acts and practices in the conduct of its business.

90.     Defendant's aforementioned deceptive acts are aimed at consumers, and are materially misleading with respect to the source, sponsorship, and affiliation or approval of Defendant's activities, and/or falsely suggest that Defendant is somehow legitimately affiliated, connected, or associated with Plaintiff.

91.     Plaintiff has been, and will continue to be, damaged by Defendant's deceptive acts and practices in an amount to be determined at trial.

92.     Defendant has caused, and will continue to cause, irreparable injury to Plaintiff and to the public unless restrained by this Court, pursuant to N.Y. Gen. Bus. L. § 349.

**SIXTH CAUSE OF ACTION**
**Trademark Dilution (N.Y. Gen. Bus. L. § 360-1)**

93.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

94.     Defendant's aforesaid acts have created a likelihood of injury to the business reputation of Plaintiff and likelihood of dilution of the distinctive quality of the GREEK FREAK mark.

95.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff unless restrained by this Court, pursuant to N.Y. Gen. Bus. L. § 360-1.

**SEVENTH CAUSE OF ACTION**
**Common Law Unfair Competition**

96.     Plaintiff incorporates by reference each and every allegation in the foregoing

paragraphs of this Complaint.

97.    Defendant's aforesaid activities constitute deliberate passing off, unfair competition, misappropriation, unjust enrichment, unfair and fraudulent business practices, and misuse of Plaintiff's GREEK FREAK mark and the Antetokounmpo Rights under the common law of the State of New York.

98.    Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

99.    By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

100.    Unless and until enjoined by this Court, Defendant will continue to perform the acts complained herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

**EIGHTH CAUSE OF ACTION**
**Unjust Enrichment**

101.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

102.    By virtue of the egregious and illegal acts of Defendant as described herein, Defendant has been unjustly enriched in an amount to be proven at trial.

103.    Defendant's retention of monies gained through their deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

**NINTH CAUSE OF ACTION**
**Tortious Interference with Prospective Economic Advantage**

104.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

105.    Plaintiff has enjoyed long and successful business relationships with its authorized distributors and customers.

106.    Defendant's conduct has interfered with these relationships and constitutes tortious interference with prospective business relationships with these distributors and customers.

107.    Defendant employed wrongful means in an effort to harm Plaintiff, Plaintiff's reputation, Plaintiff's relationship with his customers and his distribution network, for which Defendant and any other identified person or entity who has acted in concert or in participation with them, are liable to Plaintiff for actual and punitive damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
### Violation of Privacy Rights

108.     Plaintiff incorporates by reference each and every allegation in the forgoing paragraphs of the Complaint.

109.    Plaintiff is entitled to be protected from the unauthorized use of his name, nickname, picture, and likeness.

110.    Defendant's knowingly and without authorization used Plaintiff's name, nickname, picture and likeness in commerce; such use resulted in Defendant's commercial advantage; such use was made without Plaintiff's consent; and Plaintiff has been injured financially because of such use.

111.    Defendant used Plaintiff's name, through websites accessible by and which targets consumers throughout the U.S., including New York.

112.    Defendant has therefore committed an actionable wrong under NY Civ Rights Law

§ 50 and is liable to Plaintiff for such remedies as are afforded it under NY Civ Rights Law § 51.

113.    As a direct and proximate result of Defendant's actions, Plaintiff was caused to suffer and continues to suffer damages.

114.    As a result of Defendant's wrongful conduct, Plaintiff is entitled to legal and equitable relief, including actual and punitive damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendant on all its claims and award the following to Plaintiff:

1. Preliminary and permanent injunctive relief enjoining Defendant and its agents, attorneys, employees, and all others in active concern or participation with them from:

(a) any further acts of infringement of Plaintiff's intellectual property rights in the GREEK FREAK mark, and in any similar mark Plaintiff owns, uses and/or may use and in the Antetokounmpo Rights.

(b) using Plaintiff's name, nickname, picture, likeness and/or the GREEK FREAK mark and any variation that is confusingly similar to the Plaintiff's mark unless expressly and specifically authorized by Plaintiff;

(c) doing any act or thing that is likely to dilute the distinctiveness of Plaintiff's GREEK FREAK mark, the Antetokounmpo Rights or that is likely to tarnish the goodwill associated with them.

2. An order, pursuant to 15 U.S.C. § 1116 (a), directing Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of injunction issued by

this Court, a sworn statement setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. The following damages:

(a) All monetary actual and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, said amount to be trebled pursuant to 15 U.S.C. § 1117 N.Y. Gen. Bus. L. §349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute;

(b) All exemplary and/or punitive damages to which Plaintiff is entitled under statutory or common law;

(c) Pre-judgement interest according to law;

(d) Plaintiff's reasonable attorney's fees, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute, together with the costs and disbursements of this action; and

4. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Giannis Antetokounmpo, an individual, hereby demands a jury trial.

Dated: New York, New York
       January 17, 2022

                                    Respectfully submitted,

                                    **PARDALIS & NOHAVICKA, LLP**


                            By:    /s/ Anastasi Pardalis_____

                                    Anastasi Pardalis
                                    *Attorneys for Plaintiff*
                                    950 Third Avenue, 27th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

New York, NY 10022
Tel.: (718) 777 0400
Fax: (718) 777 0599
taso@pnlawyers.com